UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINE ORLOB-RADFORD, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING LLC, ENCORE CAPITAL GROUP, INC, and MACHOL & JOHANNES, PLLC,<br><br>Defendants. | NO. 2:15-CV-00307-JLQ<br><br>ORDER RE: MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL |

BEFORE THE COURT is Defendant Midland Funding, LLC's ("Midland") Motion for Protective Order (ECF No. 29) and Plaintiff's Motion to Compel Response to Discovery (ECF No. 32). Both Motions concern one specific document, a Loan Sale Purchase Agreement entered between Bank of America/FIA and Midland, which included the sale of Plaintiff's account. Plaintiff asserts the Agreement could contain a clause prohibiting enforcement of the arbitration clause on Plaintiff's account, which would be relevant to the pending Motion to Compel Arbitration (ECF No. 12).

Midland does not oppose producing the Agreement unredacted, but only if there is a protective order in place to protect its alleged nonpublic commercial, financial, and business information. (ECF No. 29 at 3). Plaintiff asserts redactions can sufficiently protect Midland Funding's interests, and public production of the document is in the interest of "potentially thousands of consumers' rights to litigate cases in open court." (ECF No. 32 at 4). At the parties' request, the court granted expedited briefing and hearing on the Motions. *See* (ECF No. 28).

ORDER - 1

The scope of discovery is broad: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1); *see also*, (ECF No. 11) (setting forth the court's policy regarding discovery).

"[A] party may move for an order compelling disclosure or discovery" if a party fails to produce requested documents. Fed.R.Civ.P. 37(a)(1), (3)(B)(iv). If the court denies the motion to compel, "the court may issue any protective order authorized under Rule 26(c)." Fed.R.Civ.P. 37(a)(5)(B).

A party may move for a protective order in response to a discovery request and "must include a certification that the movant has in good faith conferred" to attempt to resolve the dispute prior to filing the motion. Fed.R.Civ.P. 26(c)(1). Upon a showing of good cause, the court may issue an order "to protect a party or person ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G). The movant bears the burden "for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). However, a "blanket" order governing unidentified documents is not appropriate. *See* (*id.* at 1130-31).

There is no dispute the Agreement is potentially relevant to Plaintiff's argument opposing the pending Motion to Compel arbitration. The parties disagree over the manner in which it should be produced. *See* (ECF No. 29 at 2). Midland identified nine separate portions of the Agreement and the allegedly confidential or commercial information contained therein. *See* (ECF No. 29 at 3-4). The Agreement discloses terms and information related to the business practices and business details of Midland. *See* (ECF No. 29 at 6). Additionally, Midland asserts its "competitive advantage" would be lost if

the information in the Agreement became known to competitors. (ECF No. 29 at 6).

Midland also provided a Mutual Non-Disclosure Agreement between FIA Card Services and Midland. *See* (ECF No. 30 at 20-24). Midland correctly points out the existence of the Non-Disclosure Agreement; however, Midland's assertion it would be in breach of the Non-Disclosure Agreement by producing the Loan Sale Purchase Agreement is not well taken. The Non-Disclosure Agreement states: "The provisions of this Agreement shall not apply to any Confidential Information which ... is required by operation of law to be disclosed." (ECF No. 30 at 22). It would be not a breach of Midland's Non-Disclosure Agreement were it to produce the document, unredacted and without any protective order, pursuant to a court order. Plaintiff asserts the Agreement should be produced unredacted and without any protective order so it can be used in other cases. *See* (ECF No. 32 at 6). Plaintiff does not allege she, or counsel, is involved with any of those other cases or that those cases have any bearing on the issues in the instant matter.

The court finds Midland has demonstrated good cause to warrant entry of a protective order to protect the commercial, confidential, and proprietary information contained within the Agreement. The commercial and proprietary reasons set forth in Midland's briefs are sufficiently clear, precise, and particularized to meet its burden. However, the court will not adopt Midland's proposed order *en toto*, because it is a "blanket" protective order protecting not only the Agreement, but other potential documents not before the court. *See Foltz*, 331 F.3d at 1130-31.

Plaintiff's arguments against entry of a protective order are not persuasive. Entering this Order allows Plaintiff the opportunity to receive the Agreement unredacted and use it, to the extent relevant, to oppose the Motion to Compel Arbitration. Plaintiff may move to modify this Order if good cause is shown.

Plaintiff asserts if the court enters a protective order, the next issue is whether the Agreement should be subject to a motion to seal. *See* (ECF No. 32 at 5). Plaintiff argues the Agreement should not be subject to such a motion. *See* (ECF No. 32 at 5-6). Midland

ORDER - 3

did not respond to this argument in any of its briefing. The court declines to make a prospective ruling on this issue without full briefing from the parties. If and when one of the parties seeks to file the Agreement, the court will entertain a motion to seal.

Because the court finds the above issues dispositive and is adopting Midland's request for entry of a protective order, the court finds it unnecessary to address Midland's arguments concerning the delegation clause.

**IT IS HEREBY ORDERED:**

1. Midland Funding, LLC's Motion for Protective Order (ECF No. 29) is **GRANTED** as set forth herein.
2. Plaintiff's Motion to Compel (ECF No. 32) is **DENIED**.
3. This Order shall govern the designation and handling of the Loan Sale Purchase Agreement between Bank of America/FIA Card Services and Midland Funding. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature contained within the Loan Sale Purchase Agreement.
4. The Loan Sale Purchase Agreement will be used only for the purposes of this case, and will not be used by any party or by counsel for any purpose unrelated to this case. The Loan Sale Purchase Agreement and its contents shall not be disseminated beyond attorneys of record, their associating counsel, and their staff.
5. The Loan Sale Purchase Agreement shall be designated as confidential by affixing the term "CONFIDENTIAL" in a size and location that makes the designation readily apparent.
6. The Loan Sale Purchase Agreement shall be maintained in a manner reasonably calculated to preserve its confidentiality.
7. Except as set forth herein, or by any subsequent court Order, the Loan Sale Purchase Agreement shall not be delivered, exhibited, or disclosed to any person except in a manner compliant with this Order.

ORDER - 4

8. The parties' counsel shall require all persons, except those referred to below, to read and agree to be bound by this Order before being given access to the Loan Sale Purchase Agreement. Such agreement shall be shown by endorsing the certification identified as Exhibit A to Midland's proposed order. (ECF No. 30 at 15). Counsel shall retain the certification.

9. The Loan Sale Purchase Agreement may be delivered, exhibited, or disclosed to the following persons, subject to the terms of this Order, without being required to sign the certification identified above:

   a) Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

   b) Any copying service hired by counsel to copy documents in bulk;

   c) The court or any court personnel;

   d) Any person testifying in a deposition taken in this case;

   e) Any person identified as having authority or having previously received the Loan Sale Purchase Agreement;

   f) The parties and their client representative, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation.

10. If and when one party seeks to file the Loan Sale Purchase Agreement, the court will then entertain a motion to seal the Loan Sale Purchase Agreement.

11. Nothing in this Order is intended to limit Midland's use in its normal course and scope of business of the Loan Sale Purchase Agreement.

12. This Order is without prejudice to the right of any party to apply to the court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Order.

13. When this action, including entry of judgment or appeal, concludes and within sixty days after the litigation has been finally terminated, Midland

may request the return or destruction of the Loan Sale Purchase Agreement, unless filed with the court or agreed by the parties to be retained for purposes of effectuating any judgment. In addition, counsel may maintain a copy in their own files which shall not be available to any party or person and which shall not be used for any purpose other than to defend against claims made against counsel. If such request is made in writing, Plaintiff will have sixty days in which to: (a) return the Loan Sale Purchase Agreement, (b) destroy the Loan Sale Purchase Agreement, or (c) file a motion with the court seeking an order upon good cause shown the Loan Sale Purchase Agreement should not be destroyed or returned. Even if there is no request to return the Loan Sale Purchase Agreement within sixty days, the Loan Sale Purchase Agreement is still subject to this Order.

14. It is ordered that counsel will abide by the terms of this Order.
15. The Loan Sale Purchase Agreement shall be provided to counsel for Plaintiff **forthwith** and **no later than Friday, July 15, 2016**.
16. Upon receipt of the Loan Sale Purchase Agreement, Plaintiff shall file and serve her response to the Motion to Compel Arbitration (ECF No. 12) **no later than 14 days** thereafter. Any Reply(s) shall be filed and served within **seven days** after the Response is filed.
17. This Order may be modified upon motion of either party and good cause shown.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated July 13, 2016.

               s/ Justin L. Quackenbush
               JUSTIN L. QUACKENBUSH
     SENIOR UNITED STATES DISTRICT JUDGE